STEVEN G. KALAR
Federal Public Defender
JODI LINKER
Assistant Federal Public Defender
450 Golden Gate Avenue
San Francisco, CA 94102
Telephone:  415.436.7700
Facsimile:  415.436.7706
Jodi_Linker@fd.org

Counsel for Defendant FLORES

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. CR 19-0429 SI |
| Plaintiff, | DEFENDANT'S SENTENCING MEMORANDUM |
| v. | Date:   January 10, 2020 |
| JESUS FLORES, | Time:   11:00 a.m. |
| Defendant. | Court:  Hon. Susan Illston |

## INTRODUCTION

As recommended in the Presentence Report, a sentence of time-served is reasonable and appropriate given Jesus Flores' personal circumstances and offense conduct. Mr. Flores left a dangerous gang-ridden country having personally suffered sexual abuse and abject poverty. He left his loved ones behind because earning two dollars per day would not support his family and pay his mother's medical bills. He came in the hope of making money to send back to his family. He did just that without issue until he was drawn to the increased money he could obtain as a low-level drug dealer. He was arrested for selling $15 dollars of powder cocaine to an undercover officer in the Tenderloin. This is his first and only arrest—he has absolutely zero criminal history—and therefore the longest he has ever been in custody. He will also suffer the added consequence of deportation from this country. Under these specific circumstances and in consideration of all of the factors under 18 U.S.C. § 3553(a), he requests that the Court sentence him to time-served.

## DISCUSSION

The parties agree that Mr. Flores' final adjusted offense level is 12 and criminal history category is I, resulting in a range of 10-16 months under the advisory guidelines. Moreover, Mr. Flores would have been eligible for a two-level safety valve reduction under U.S.S.G. § 2D1.1(b)(18) had he not been in total fear of the significant risks to himself and his family had he completed a safety valve proffer. Nonetheless, at offense level 12 and criminal history category I, his range falls into Zone C of the Sentencing Table; thus, even under the guidelines, a split sentence of 5 months in custody and 5 months in home detention or halfway house is permissible even before consideration of a variance. U.S.S.G. § 5C1.1(d).

A variance is certainly warranted in this case. While no one's background can be used as an excuse for the commission of a crime, it is important for the Court to consider Mr. Flores' life circumstances leading to his arrest. As is reflected in the PSR, Mr. Flores' life has been marred by poverty and abuse. Mr. Flores was born in an incredibly impoverished rural area of Honduras. He was often without food and began working full time at the age of 11 to help support his family. That work involved him leaving his home as a child to try to sell fruit and vegetables in surrounding communities. Being young, small and malnourished he was abused by "employers," who would leave him hungry and

sleeping alone outside. His parents were loving and supportive, but had nothing more to offer him than their love. Even though he never doubted their support of him, when the worst possible thing imaginable was happening to him—sexual abuse by an older cousin—his shame, embarrassment and fear prevented him from ever telling anyone so he suffered in silence.

He had his first and only child three year ago. His mother also began suffering health issues and it was increasingly difficult for the family to pay for her medications on the $2 per day they were earning in Honduras. To assist his family, he came to the United States to make money to send back to his family. Once here, he worked, or stayed in his studio apartment he shared with six other men. His sole focus was on making money to send to his family with the goal of soon returning to them. Without papers, he worked as a day laborer and made what he could. Eventually, he was lured by the draw of more money into being a low-level drug dealer. The time he was arrested, was during one of the rare moments when he was holding the stash container for everyone on the block.

Prior to his instant arrest, he had never been arrested, let alone spent such a significant amount of time in custody. Had this low-level case been handled by the state, Mr. Flores would have been released, likely would have been eligible for some type of diversion, would not have faced any custody time and would not have been deported. Nonetheless, because this is a federal felony offense, none of those things are possible. While selling drugs is undoubtedly wrong, Mr. Flores is quite literally the lowest person in the operation and is not afforded any of the "usual" considerations offered to first time low-level offenders. Instead, he will have a federal felony conviction and certain deportation from the United States. The consequences he has and will face are enough. The seriousness of the offense does not warrant any additional time in custody.

Additionally, a sentence of 10 months will not provide any additional deterrence. As the Court is no doubt well aware, the available data does not support the conclusion that longer sentences promote general deterrence; rather, it is the certainty of an arrest and detention, which has already happened in this case.

Mr. Flores moved this case as quickly as possible. He did not file any motions or attempt to delay. Instead, he sought to get to sentencing as quickly as possible and pleaded guilty at his *initial*

appearance before this Court. Despite his efforts to move things as quickly as possible, has already served a significant period in custody.

Finally, Mr. Flores will be placed on supervision for three years after he is released from custody. Of course, this supervision is meaningless as long as Mr. Flores remains out of the country after his certain removal from the United States. However, the government seems largely concerned with Mr. Flores returning to the country unlawfully after his deportation. As the three year term of supervised release would heighten his potential sentence should he return to the United States, as well as lower the government's burden to prove any such violation, that is an additional consequence that should be considered by the Court.

## **CONCLUSION**

Mr. Flores stands before the Court with an adult federal felony conviction and certain deportation. He was not given the first or even second chance that so many people are offered: diversion, a misdemeanor, or even a no-time felony. Instead, for a $15 powder cocaine sale, Mr. Flores was thrown in the deep end. A sentence of time-served is sufficient, but not greater than necessary, to achieve the goals of sentencing.

Dated: January 6, 2020                                              Respectfully submitted,

                                                                    __/S_____
                                                                    JODI LINKER
                                                                    Assistant Federal Public Defender